John Petriello (JJP-6545)
LEVY, EHRLICH & PETRIELLO
60 Park Place
Newark, New Jersey 07102
Telephone: (973) 854-6700
Facsimile: (973) 596-1781

Attorneys for Plaintiffs
ECHOSTAR SATELLITE L.L.C.,
ECHOSTAR TECHNOLOGIES L.L.C.
and NAGRASTAR LLC



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 13 2010 ★

BROOKLYN OFFICE

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

MAUSKOPF, J.

MISC 10-0546

|  |  |
|---|---|
| DISH NETWORK L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES L.L.C., a Texas Limited Liability Company, and NAGRASTAR LLC, a Colorado Limited Liability Company, | D.N.J. Case No. 2:09-CV-06135-DRD-MAS |
| Plaintiffs, | |
| v. | **DISH NETWORK'S NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY CABLEVISION SYSTEMS CORP. TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA** |
| MUNID RAMKISSOON, an individual, OOTRA RAMKISSOON, an individual, and DOES 1-10, | |
| Defendants. | |

TO NON-PARTY CABLEVISION SYSTEMS CORP.:

NOTICE IS HEREBY GIVEN that Plaintiffs DISH Network L.L.C., EchoStar

Technologies L.L.C., and Nagrastar LLC (collectively, "Plaintiffs") will and hereby do move the

Court for an Order compelling Cablevision Systems Corp. d/b/a Optimum ("Cablevision"), to

produce documents responsive to the subpoena served upon them by Plaintiffs.

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

Plaintiffs filed this action against Munid and Ootra Ramkissoon ("Defendants") in the District of New Jersey for violations of the Digital Millineium Copyright Act, the Communications Act and the Electronic Communications Privacy Act. Plaintiffs claims arise out of Defendants participation in an unlawful scheme to assist others in the unauthorized receipt of DISH Network programming through the distribution of Plaintiffs' control words (a technological measure that ensures viewing entitlement) via an IKS (or internet key sharing) server. Specifically, Defendants established a DISH Network account and used that account and related equipment to distribute Plaintiffs' control words to others to assist them in receiving DISH Network programming without authorization. A copy of Plaintiffs' complaint is attached as Exhibit 1 to the Declaration of Chad M. Hagan filed concurrently herewith.

Third-party Ravindranauth Ramkissoon is Defendants' nephew[1] who resides in Canada and operates several businesses which sell devices designed for theft of DISH Network programming. Plaintiffs have reason to believe that Defendants Munid and Ootra Ramkissoon established the DISH Network account at Ravindranauth Ramkissoon's direction for the purpose of providing Plaintiff's control words to support an IKS server. Ravindranauth Ramkissoon has been sued by Plaintiffs in Canada for his involvement in the piracy of DISH Network programming. A copy of Plaintiffs' Amended Statement of Claim against Ravindranauth Ramkissoon is attached as Exhibit 2 to the Declaration of Chad M. Hagan.

After serving Defendants with a copy of Plaintiffs' Complaint, Plaintiffs requested that Defendant produce for inspection their DISH Network equipment and laptops. Defendants

---

[1] Defendants initially denied any knowledge of Ravindranauth Ramkissoon when approached by Plaintiffs' investigators prior to the filing of this lawsuit. Defendants now admit that Ravindranauth Ramkissoon is their nephew.

initially agreed to produce the equipment and laptops for inspection, but then claimed that such devices were stolen out of their vehicle during transport to their attorneys' office. (*See* Hagan Dec. ¶ 4, Ex. 3, email exchange with Defendants' counsel dated 01/22/10.) Thus, Defendants now maintain they have no documents or equipment responsive to Plaintiffs' requests for production of documents.

## II.   PLAINTIFFS' SUBPOENA TO CABLEVISION

Plaintiffs' propounded several interrogatories on Defendants concerning communications between Defendants and Ravindranauth Ramkisson.   In response, Defendants admit to communicating with Ravindranauth Ramkisson via telephone and text about the lawsuits brought by Plaintiffs, but claim such communications were infrequent and brief. (*See* Hagan Dec. ¶ 5, Ex. 4, Defendants' Response to Plaintiffs' Interrogatories, Nos. 9, 12, 19, 20, 22, 23.) Defendants provide no specifics about the issues discussed.  (*Id.*)  During the parties July 14, 2010 status conference with the Court, Defendants' counsel admitted that Defendants have maintained their cable television service in addition to their DISH Network account.  (Hagan Decl. ¶ 6.)

On July 15, 2010, Plaintiffs subpoenaed Defendants' telephone and cable provider, Cablevision Systems Corp. d/b/a Optimum, for documents relating to Defendants' telephone and cable records.  (Hagan Decl. ¶ 7, Ex. 5.)  On July 20, 2010, Cablevision responded to Plaintiffs' subpoena by letter stating that they are withholding the production of responsive documents pursuant to section 551(c)(2)(B) of the Cable Communications Policy Act of 1984 ("Cable Act"), until they receive a court order mandating such disclosure.  (Hagan Decl. ¶ 8, Ex. 6.) Accordingly, Plaintiffs bring this Motion and request that the Court issue an order requiring production of the documents Plaintiffs subpoenaed from Cablevision.

## III.   LEGAL STANDARD

A party may discover any nonprivileged matter that is relevant to any party's claim.  Fed. R. Civ. P. 26(b)(1).  To be relevant the information sought must only be reasonably calculated to lead to the discovery of admissible evidence.  *Id.*; *Degen v. U.S.*, 517 U.S. 820, 825-26, 116 S. Ct. 1777, 1782 (1996).  A party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things."  Fed. R. Civ. P. 45(a)(1)(C).  If a nonparty fails to produce the requested documents, the requesting party may move for an order compelling production.  Fed. R. Civ. P. 37(a).  A party resisting discovery on the basis that production is prohibited by law has the burden of demonstrating that "such law actually bars the production" at issue.  *See Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 207 (E.D.N.Y. 2007) (applying standard to objections based on French civil and criminal anti-disclosure laws).

## IV.   ARGUMENT AND AUTHORITY

### A.   The Documents Subpoenaed by Plaintiffs Are Relevant and Should be Produced.

The telephone records subpoenaed by Plaintiffs are relevant to establish Defendants' communications and ongoing relationship with Ravindranauth Ramkissoon concerning the actions set forth in Plaintiffs' Complaint as well as the alleged theft of Defendants' DISH Network equipment and laptop.  In particular, the telephone records will establish the extent of Defendants' communications with Ravindranauth Ramkissoon and the timing of those communications.   The extent and timing of communications between Defendants and Ravindranauth Ramkissoon is important to show that Defendants (1) were in frequent contact with Ravindranauth Ramkissoon throughout Defendants' period of subscription to DISH

Network; (2) contacted Ravindraunauth Ramkissoon when they were visited by Plaintiffs' investigators and later served with the Complaint; (3) have maintained contact with Ravindranauth Ramkissoon throughout this litigation (despite their assertions to the contrary); and (4) were in contact with Ravindranuath Ramkissoon at or near the time of the alleged "theft" of Defendants' DISH Network equipment.[2]   These communications are probative evidence of Defendants setting up a DISH Network account at the direction of Ravindranauth Ramkissoon for the purpose of assisting him in the operation of an IKS server designed to facilitate DISH Network piracy.

The cable television records which Plaintiffs subpoenaed from Defendants' provider are also highly relevant to this action.  Plaintiffs' Complaint alleges that Defendants set up their DISH Network satellite television account for the purpose of facilitating IKS piracy, not for lawful receipt of television programming.  Plaintiffs recently learned that Defendants maintained their Optimum cable subscription and programming even after setting up their DISH Network account.  Through the cable records subpoenad from Cablevision, Plaintiffs expect to establish on overlap in Defendants' television programming; this could be indicative of Defendants establishing the DISH Network account for the illicit purpose of satellite piracy.

**B.     Production of Defendants' telephone and cable records pursuant to Court Order does not violate the Cable Act.**

Cablevision does not unequivocally object to the production of documents responsive to Plaintiffs' subpoena – they merely object to such production absent a court order authorizing disclosure.  (*See* Ex. 6.)  This is consistent with the Cable Act, which controls the disclosure of subscriber information by a cable provider.  Section 551(c)(1) of the Cable Act sets forth a

---

[2] Ravindranuath Ramkissoon has twice been held in contempt for destruction of evidence and refusal to permit inspection of evidence as ordered by the Court.  (*See* Hagan Decl. ¶ 9, Ex. 7, Order of Ontario Superior Court of Justice dated February 23, 2010.)

general prohibition on the unauthorized disclosure of subscriber information by a cable provider. *See* 47 U.S.C. § 551(c)(2).   However, the Cable Act provides several exceptions to this prohibition. *Id.* § 551(c)(2).  The exception relevant to Plaintiffs' subpoena states as follows:

> A cable operator may disclose such information if the disclosure is --
>
> ...
>
> (B) subject to subsection (h)[3] of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified or such order by the person to whom the order is directed....

47 U.S.C. § 551(c)(2)(B).

Accordingly, the Cable Act explicitly authorizes the disclosure of the documents subpoenaed by Plaintiffs, so long as such disclosure is made pursuant to a court order and Cablevision provides Defendants with notice of the order.  *See* 47 U.S.C. § 551(c)(2)(B); *see also, CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002) (ordering Cablevision to produce subscriber records and holding that "[t]here is no privilege or restriction on releasing customer records to a non-governmental entity pursuant to a court order") (citing 47 U.S.C. § 551(c)(2)).

## V.    CONCLUSION

Section 551(c)(2)(B) of the Cable Act authorizes a cable operator to disclose subscriber information if it authorized by a court order and the subscriber is notified of such order.  Because the telephone and cable records subpoenaed by Plaintiffs are relevant to the claims and defenses of the parties in this action (*see* Section IV.A., *infra*), Plaintiffs respectfully request that the Court issue an order consistent with section 551(c)(2)(B) of the Cable Act requiring Cablevision to comply with Plaintiffs' subpoena.   A proposed order which provides for the necessary subscriber notice required by the Cable Act is filed concurrently herewith.

---

[3] Section 551(h) of the Cable Act pertains to disclosure of information to governmental entities and, thus, is not relevant to Plaintiffs' subpoena or this motion. *See* 47 U.S.C. § 551(h).

DATED: August ___ 2010

**LEVY, EHRLICH & PETRIELLO**

By: _s/ John Petriello_
John Petriello (jp-6545)
john@lep-lawyers.com
60 Park Place
Newark, New Jersey 07102
Telephone: (973) 854-6700
Facsimile: (973) 596-1781

**HAGAN NOLL & BOYLE LLC**
Chad M. Hagan (*pro hac vice*)
chad.hagan@hnbllc.com
Christine D. Hagan (*pro hac vice*)
christine.hagan@hnbllc.com
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

**Attorneys for Plaintiffs**

## PROOF OF SERVICE

I, the undersigned, declare that I am a resident of the State of New Jersey, over the age of eighteen years, and not a party to the within action. My business address is 60 Park Place, Newark, New Jersey 07102. I am familiar with the practice at my place of business for collection and processing of correspondence for mailing. Such correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

On August /2, 2010, I served the following document described as:

**DISH NETWORK'S NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY CABLEVISION SYSTEMS CORP. TO PRODUCE DOCUMENTS IN RESPONSE TO SUBPOENA**

_____ by **Electronically Transmitting** the document to the person(s) set forth below through the Case Management/ Electronic Case Filing (CM/ECF) system, and/or pursuant to the email address provided in the parties' agreement on electronic service of documents in this action.

___X___ by placing the document in a sealed envelope with postage thereon fully prepaid in the **United States Mail** at Houston, Texas addressed as set forth below. *Newark, New Jersey*

_____ by causing personal delivery via **Hand Delivery** of the document to the person(s) at the address(es) set forth below.

_____ by causing personal delivery via **Messenger** of the document to the person(s) at the address(es) set forth below.

> Gerald J. Kelly, Esq.
> 3125 Route 10 East
> Denville, New Jersey 07834
> gjklaw@optonline.net
>
> Subpoena Compliance Group
> Cablevision Systems Corp. d/b/a Optimum
> 1111 Stewart Avenue
> Bethpage, NY 11714

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August /2, 2010 at Newark, New Jersey.

s/ John Petriello
John Petriello

8